# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY REON DARNELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. 13-CV-028-GKF-PJC |
| | ) |
| JOE M. ALLBAUGH, Director,[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1).

Petitioner is a state inmate and appears pro se. Respondent filed a response (Dkt. # 19) to the

petition and provided the state court record (Dkt. ## 19, 20) for resolution of the claims raised in the

petition. Petitioner did not file a reply to the response. For the reasons discussed below, the petition

for writ of habeas corpus shall be denied.

### BACKGROUND

During the morning of December 12, 2008, two men committed two armed robberies less

than a mile apart in east Tulsa. First, 80-year-old Donald Payne answered a knock on the door of

his home, located at 2546 South 111th East Avenue, and two black men, both armed with guns,

forced their way in. One man held Payne at gunpoint while the other man searched Payne's house.

They took Payne's phones, cash from his pocket and wallet, a coin collection, and a .22 caliber 9-

shot revolver. After the men left, Payne drove to the police station to report the robbery.

---

[1]Petitioner is in custody at Davis Correctional Facility, a private prison. The proper respondent
in this action is Joe M. Allbaugh, Director of the Oklahoma Department of Corrections. Therefore,
pursuant to Fed. R. Civ. P. 25, Joe M. Allbaugh, Director, shall be substituted for Robert C. Patton,
Director, as the proper party Respondent. The Clerk of Court shall note the substitution on the
record.

That same morning, two black men, both armed with guns, forced their way through the garage and into a house, located at 3421 South 114th East Avenue, occupied by two young men, brothers Gil Robledo, Jr., and Leobardo Robledo. The Robledo brothers lived at the house with their parents, but their parents were already at work that morning. The robbers forced the Robledo brothers to load electronics and phones into black trash bags and place the bags in the family's 1997 BMW automobile. Once they finished ransacking the house, the robbers drove away in the BMW. The Robledo brothers drove another one of their cars to the shop where their father, Gil Robledo, Sr., worked as a car mechanic. They used their father's phone to call 911 and drove back to their house with their father.

Tulsa Police offices processed the two crime scenes. Detective Margaret Loveall dusted for fingerprints at the Payne house. Meanwhile, while establishing a perimeter near the Robledo house, Officer Charles Haywood saw a 1997 BMW parked at a nearby park. Gil Robledo, Sr., confirmed that it was his BMW. After the processing the car, including collecting fingerprints, the police returned the car to Robledo. The stolen property was not in the car.

The fingerprints collected at the Payne house matched those of Petitioner, Terry Darnell. Police Officer Stephen St. Clair compiled a photo-lineup, including a photo of Terry Darnell, and showed the lineup to the victims of the Payne and Robledo robberies. All three victims selected the photo of Terry Darnell and identified him as one of the robbers.

As a result of those events, Petitioner Terry Reon Darnell was charged in Tulsa County District Court, Case No. CF-2008-6186, with Robbery With a Dangerous Weapon (Counts 1 and 2), First Degree Burglary (Counts 3 and 4), Possession of a Firearm After Former Conviction of a Felony (Count 5), and Larceny of an Automobile (Count 6). At the conclusion of a three-stage jury

trial, Petitioner was found guilty of all six counts, all After Former Conviction of Two or More Felonies.  On May 3, 2010, the trial judge sentenced Petitioner in accordance with the jury's recommendation to life imprisonment and a $10,000 fine on Count 1, twenty-five (25) years imprisonment and a $10,000 fine on each of Counts 2 and 3, thirty (30) years imprisonment and a $10,000 fine on Count 4, twenty (20) years imprisonment and a $10,000 fine on Count 5, and nine (9) years imprisonment and a $10,000 fine on Count 6.  Counts 1 and 2 were ordered to be served concurrently; Counts 3, 4, and 5 were ordered to run consecutively to each other and to Counts 1 and 2; and Count 6 was ordered to run concurrently with Count 5.  During trial proceedings, Petitioner was represented by attorneys J. Brian Rayl and Christopher Brecht from the Tulsa County Public Defender's Office.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner, represented by attorney Stuart Southerland from the Tulsa County Public Defender's Office, raised four (4) propositions of error, as follows:

Proposition 1: The evidence was insufficient to establish the offense of First Degree Burglary in Count Four.

Proposition 2: This court must reverse Appellant's conviction in Count Six with instructions to dismiss. The evidence was insufficient to support a conviction for Larceny of an Automobile and Appellant's conviction violated the double punishment prohibitions of Oklahoma law as well as the United States Constitution.

1.   Appellant was convicted of taking the BMW as part of the robbery allegations in Count Two.  He cannot be punished again for the same act in Count Six.

2.   There was no evidence of the intent to steal or permanently deprive the owner of the BMW.

Proposition 3: The testimony of Tulsa Police Officer Annette Williams relating to a victim's death constituted an evidentiary harpoon.  At the very least, the testimony's relevance was outweighed by its prejudicial effect, and the district court

3

failed to take adequate measures to remedy the error.  Appellant was denied the right to a fair trial pursuant to the Fourteenth Amendment to the United States Constitution.

Proposition 4: Three of the four former felony convictions used to enhance Appellant's sentence in the sentencing stage were transactional.  The judgment and sentences also reflected that Appellant had previously received suspended sentences and should not have been presented to the jury.  Defense counsel's failure to object was not a legitimate trial strategy and constituted ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

    1.    The prior judgment and sentences reflected Appellant's suspended sentences.

    2.    The jury was presented with three transactional offenses which were admitted without objection by defense counsel.

Proposition 5: Appellant was prejudiced by the improper joinder of offenses in this case. Trying the robberies together violated his right to a fair trial pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, as well as relevant statutory provisions in Oklahoma law.

Proposition 6: The combined error during Appellant's trial served to deny him the right to a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution.

(Dkt. # 19-1).  Petitioner also filed a motion to remand for evidentiary hearing (Dkt. # 19-2) as to the claim of ineffective assistance of counsel raised in the fourth proposition of error.  On October 4, 2011, in an unpublished summary opinion filed in Case No. F-2010-452, the OCCA rejected Petitioner's claims and affirmed the Judgments and Sentences of the trial court.  See Dkt. # 19-4. The OCCA also found that Petitioner's request to supplement the record by remanding for an evidentiary hearing was without merit.  Id. at 5-6.  On October 12, 2011, Petitioner filed a petition for rehearing (Dkt. # 19-5).  On November 15, 2011, the OCCA denied the request for rehearing (Dkt. # 19-6).  Petitioner did not file a petition for writ of certiorari at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

4

Petitioner filed a timely petition for writ of habeas corpus (Dkt. # 1) and identifies four (4) grounds of error, as follows:

| | | |
|---|---|---|
| Ground 1: | The evidence was insufficient to establish the offense of First Degree Burglary in Count Four. |
| Ground 2: | Double jeopardy – evidentiary harpoon doctrine. |
| Ground 3: | Three of four prior felonies – used to enhance – were transactional. |
| Ground 4: | Prejudice – by improper joinder – denial of fair trial – combined error – denied fair trial. |

Id.  In support of his habeas claims, Petitioner attaches part of his direct appeal brief.  Id. Respondent filed a response (Dkt. # 19) to the petition and asserts that under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief.

## ANALYSIS

### A.  Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 19 at 2, ¶ 6, and the Court agrees, that Petitioner's claims raised in the petition were presented to the OCCA on direct appeal and are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Cullen v. Pinholster, 563 U.S. 170, 184-85 (2011); Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 102-03 (2011); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions."  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice."  White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)).  The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  Id. (quoting Richter, 562 U.S. at 103); see also Metrish v. Lancaster, 133 S. Ct. 1781, 1787 (2013).

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Section 2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review these claims under the deferential standard of § 2254(d). Id. at 98; Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Further, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Here, Petitioner presented his habeas claims to the OCCA on direct appeal. Because the OCCA addressed Petitioner's claims on the merits, the Court will review the claims under the standards of § 2254(d).

### 1. Sufficiency of the evidence (Ground 1)

In his first ground of error, Petitioner claims that the state presented insufficient evidence to establish the offense of First Degree Burglary, as charged in Count 4. See Dkt. # 1 at 4. Petitioner cites to his direct appeal brief, where he argued that the State failed to prove a "breaking" into an "outer door" of the dwelling as required under Okla. Stat. tit. 21, § 1431. See id. at 5. The OCCA denied relief, finding "the evidence sufficient to show constructive breaking into the dwelling perpetrated by fraud, trick, and threats, made while Appellant and his accomplice were armed with a dangerous weapon." See Dkt. # 19-4 (citation omitted). Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law. See Dkt. # 19 at 6.

The Court acknowledges that, as part of Ground 2 in the direct appeal brief attached to his petition, Petitioner challenged the sufficiency of the evidence supporting his conviction of Larceny of an Automobile in Count 6. <u>See</u> Dkt. # 1 at 12, 14-16. Specifically, Petitioner claimed that "the State failed to establish that the robbers had the intent to permanently deprive the Robledos of their BMW automobile." <u>Id.</u> at 14. The OCCA rejected this claim, finding that "Appellant took and drove away the vehicle without permission and with no discernible intent to *return* it. The evidence supports his conviction for larceny of a motor vehicle." <u>See</u> Dkt. # 19-4 at 4 (citation omitted).

In a habeas proceeding, this Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). This standard of review respects the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. <u>Id.</u> Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. <u>Lucero v. Kerby</u>, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. <u>Wingfield v. Massie</u>, 122 F.3d 1329, 1332 (10th Cir. 1997); <u>Messer v. Roberts</u>, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," <u>Jackson</u>, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." <u>Grubbs v. Hannigan</u>, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." <u>U.S. v. Hooks</u>, 780 F.2d 1526, 1532 (10th Cir. 1986). Under the AEDPA, the Court must decide whether

8

the OCCA's decision that there was sufficient evidence to support a finding of guilt was contrary to, or an unreasonable application of, <u>Jackson</u>.  28 U.S.C. § 2254(d)(1); <u>Spears v. Mullin</u>, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that there was sufficient evidence for a rational trier of fact to find Petitioner guilty beyond a reasonable doubt of First Degree Burglary, as charged in Count 4.  Under Oklahoma law, Petitioner could not be convicted of First Degree Burglary unless the State proved beyond a reasonable doubt the following elements: (1) breaking, (2) entering, (3) a dwelling, (4) of another, (5) in which a human is present, (6) with intent to commit some crime therein.  <u>See</u> Okla. Stat. tit. 21, § 1431; OUJI-CR 5-12; Dkt. # 20-6, O.R. Vol. I at 176 (Instruction No. 24).  Petitioner's jury was further instructed that the element of "breaking" is satisfied by a showing of "[a]ny act of physical force, however slight by which obstructions to entering are removed.  Breaking may also occur when entry is obtained by any other manner, such as fraud, trick or threats being armed with a dangerous weapon."  <u>See</u> Dkt. # 20-6, O.R. Vol. I at 177 (Instruction No. 25).

Petitioner argues that there was insufficient evidence to establish the "breaking" element required to convict him of First Degree Burglary of the Robledo home (Count 4).  Evidence presented to the jury demonstrated that Petitioner forced his way into the home by threatening to cause harm with his gun.  <u>See</u> Dkt. # 20-2, Tr. Vol. I at 157-58.  Gil Robledo, Jr., testified that he did as he was told, including entering his home from the garage, "out of fear of the guns."  <u>Id.</u> at 159.  The Court concludes that this evidence, when viewed in a light most favorable to the State, was sufficient to allow a rational trier of fact to have found beyond a reasonable doubt that the "breaking" element required to convict Petitioner of First Degree Burglary was satisfied.  Petitioner

has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, <u>Jackson</u>.

The Court also finds that there was sufficient evidence for a rational trier of fact to find Petitioner guilty beyond a reasonable doubt of Larceny of an Automobile, as charged in Count 6. Under Oklahoma law, Petitioner could not be convicted of Larceny of an Automobile unless the State proved beyond a reasonable doubt the following elements: (1) trespassory, (2) taking, (3) carrying away, (4) automobile, (5) of another, (6) with the intent to steal. <u>See</u> Okla. Stat. tit. 21, § 1720; OUJI-CR 5-100; Dkt. # 20-6, O.R. Vol. I at 181 (Instruction No. 29).  Petitioner's jury was further instructed that the element of "with the intent to steal" is satisfied by a showing of a "purpose forever to deny the person in rightful possession of the use or value of property." <u>See</u> Dkt. # 20-6, O.R. Vol. I at 182 (Instruction No. 30).

Petitioner argues that there was insufficient evidence to establish the "intent to steal" element required to convict him of Larceny of an Automobile.  However, evidence presented to the jury demonstrated that the robbers, including Petitioner, drove away from the Robledo home in the family car without permission and with the stolen property loaded into the car. <u>See</u> Dkt. # 20-2, Tr. Vol. I at 171-73, 190-91.  Nothing suggests that Petitioner intended to return the car to the Robledos. The Court concludes that this evidence, when viewed in a light most favorable to the State, was sufficient to allow a rational trier of fact to have found beyond a reasonable doubt that the "intent to steal" element required to convict Petitioner of Larceny of an Automobile was satisfied. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, <u>Jackson</u>.

10

In summary, the Court finds that the OCCA's resolution of Petitioner's challenges to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2).  See Dockins, 374 F.3d at 939.  As a result, habeas corpus relief shall be denied on these claims.

### 2. Double punishment, double jeopardy and evidentiary harpoon (Ground 2)

#### a. Double punishment/double jeopardy

In Ground 2, Petitioner claims that he has been subjected to double jeopardy.  See Dkt. # 1 at 10.  On direct appeal, Petitioner claimed his convictions violated the double punishment prohibitions of Oklahoma law and the double jeopardy provisions of the United States Constitution because the larceny allegation in Count 6 was included in the allegation of robbery in Count 2.  See id. at 11-14.  Addressing only the alleged violation of Oklahoma law, the OCCA found as follows:

> Proposition Two asserts that Appellant's convictions for robbery with a dangerous weapon in Count 2 and larceny of an automobile in Count 6 violate 21 O.S.2001, § 11(A).  Section 11 does not bar conviction for separate crimes that only tangentially relate to one or more crimes committed during a continuing course of conduct.  Here, the crime of robbery was complete when he forcibly took the victims' personal property by use of a dangerous weapon.  Larceny of the motor vehicle occurred when he took and carried away the victim's automobile with intent to steal.  These are distinct criminal acts for which multiple punishments are authorized under section 11.

(Dkt. # 19-4 at 3-4 (citations omitted)).

The Court finds Petitioner's claim that he has suffered multiple punishments in violation of Oklahoma law shall be denied because it is not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions).  Instead,

when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; 28 U.S.C. §§ 2254(a). Petitioner's multiple punishment claim, insofar as it is based on Oklahoma law, is not cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

The Court further finds that Petitioner is not entitled to relief under § 2254(d) on his double jeopardy claim. The Double Jeopardy Clause protects against multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds by* Alabama v. Smith, 490 U.S. 794 (1989). This protection is limited to ensuring "that the sentencing discretion of courts is confined to the limits established by the legislature," for it is the legislature that is vested with "the substantive power to prescribe crimes and determine punishments." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Thus, when a course of criminal conduct violates two statutory provisions, the test to determine whether the punishments are "multiple," in violation of the Double Jeopardy Clause, is "essentially one of legislative intent." Id.; see also Missouri v. Hunter, 459 U.S. 359, 365 (1983). In the absence of clear legislative intent, courts must apply the Blockburger test, which states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. U.S., 284 U.S. 299, 304 (1932).

In this case, Petitioner's convictions are not violative of the Double Jeopardy Clause as multiple convictions based upon a single criminal act, as argued by Petitioner. The crimes of Robbery with a Firearm and Larceny of an Automobile are separate crimes under Oklahoma law. They require proof of distinct facts and elements, even though some of the facts supporting each

crime may overlap. See Brown v. Ohio, 432 U.S. 161, 166 (1977) (holding that "[i]f each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes"). In addition, the OCCA's denial of relief on Petitioner's double jeopardy claim is entitled to deference. Richter, 562 U.S. at 99. Petitioner fails to demonstrate that the OCCA's rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Petitioner is not entitled to relief under 28 U.S.C. § 2254(d) on this claim.

**b. Evidentiary harpoon**

Petitioner also claims, as part of Ground 2, that the testimony of a Tulsa police officer regarding the subsequent death of victim Donald Payne constituted an evidentiary harpoon. (Dkt. # 1 at 10). Petitioner complains that "the police officer's speculation that a connection might exist between the robbery alleged in Count One and the victim's death was not relevant and highly prejudicial, as evidenced by the life sentenced imposed by the jury." See id. at 16. In denying relief on direct appeal, the OCCA found that:

> [e]videntiary harpoons are statements volunteered by experienced police officers that are jabbed rather than inadvertent, injecting information of other crimes, and calculated to prejudice the defendant. Such statements do not warrant reversal unless they result in actual prejudice. The officer's testimony was directly responsive to questioning and not calculated to prejudice the defendant.

(Dkt. # 19-4 at 4 (citations omitted)). Respondent contends that Petitioner's evidentiary harpoon issue is not cognizable on habeas review because it concerns a state evidentiary ruling. See Dkt. # 19 at 22-23.

"[E]rrors in the admissibility of evidence are not grounds for habeas corpus relief absent fundamental unfairness so as to constitute a denial of due process of law." Martin v. Kaiser, 907

13

F.2d 931, 934 (10th Cir. 1990).  In a due process challenge to the admission of evidence, Petitioner is not entitled to relief unless he can demonstrate that the evidence introduced is "so unduly prejudicial that it renders the trial fundamentally unfair."  Welch v. Sirmons, 451 F.3d 675, 692 (10th Cir. 2006) (quoting Payne v. Tennessee, 501 U.S. 808, 825 (1991)).

The record reflects that, prior to voir dire, the parties and the trial judge discussed the fact that one of the robbery victims had passed away since the preliminary hearing and agreed that his testimony at the preliminary hearing would be read into the trial record.  See Dkt. # 20-2, Tr. Vol. I at 5.  During the direct examination of Officer Williams, the prosecutor set the stage for reading Payne's preliminary hearing testimony into the record by asking Officer Williams whether she knew of the current condition of Donald Payne.  Id. at 116.  Officer Williams responded that Payne had "passed away" and confirmed that his death resulted from natural causes.  Id.  On cross examination, defense counsel and Officer Williams had the following exchange:

Q:     And Mr. Payne's unfortunate death, that had nothing to do with this case; correct?

A:     I don't know.  I mean I can't say – he was very upset, so I can't say that it didn't because after a traumatic event like that –

Q:     You have no idea –

A:     I have no idea what he passed away from other than natural causes.

Q:     Okay.  He didn't have any injuries as a result of this incident; correct?

A:     No physical injuries, no.

Id. at 117.  Petitioner has failed to demonstrate that Officer Williams' testimony rendered his trial fundamentally unfair.  The exchange quoted above confirms that Officer Williams' testimony was directly responsive to questioning by defense counsel and was not calculated to prejudice Petitioner. He has not shown that the OCCA's adjudication of this claim was contrary to, or an unreasonable

14

application of, clearly established federal law as determined by the Supreme Court.  Accordingly,

Petitioner's request for relief on his evidentiary harpoon claim shall be denied.

### 3.  Improper enhancement (Ground 3)

In Ground 3, Petitioner claims that his sentences were improperly enhanced.  See Dkt. # 1

at 21.  On direct appeal, Petitioner claimed that trial counsel provided ineffective assistance of

counsel in failing to object the improper enhancement of his sentences, id. at 23, because three of

his four prior felony convictions used to enhance his sentences were "transactional" and the fact that

he had previously received suspended sentences was before the jury.  Id.  The OCCA applied the

standards set forth in Strickland v. Washington, 466 U.S. 668 (1984), and denied relief.  With regard

to Petitioner's claim that the fact of his prior suspended sentences was presented to the jury, the

OCCA found that:

> [a]t sentencing, jurors ordinarily should not be given information that a defendant
> received a suspended sentence or was on parole for a prior conviction . . . We find
> any reference here to the fact of Appellant's suspended sentences creates no
> reasonable probability of a different outcome at trial, and therefore fails to satisfy the
> prejudice prong of Strickland.  Appellant's recidivism and use of firearms to
> burglarize and rob unsuspecting residents in their homes explains his lengthy
> sentences from the jury.

(Dkt. # 19-4 at 5).  With regard to Petitioner's claim that three of his four prior felony convictions

were "transactional," the OCCA found that:

> Appellant's three prior burglaries occurred on the same day, in a several-block
> radius, at three different locations, involving three different residences.  The fact that
> they were close in time and proximity does not transform three separate burglaries
> into one offense.  Even if Appellant's three prior burglary convictions are treated as
> one, he has two prior convictions and is subject to enhancement under 21 O.S.
> Supp.2002, § 51.1(B) . . . He can show no reasonable probability that his objections
> would have succeeded, and no reasonable probability of a different outcome at trial.

(Id. at 5-6).

To the extent Petitioner complains that trial counsel provided ineffective assistance with regard to enhancement of his sentences, he is not entitled to habeas corpus relief unless he demonstrates that the OCCA's adjudication of the claim was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. Strickland, 466 U.S. at 700. Thus, it is not always necessary to address both Strickland prongs. This Court's review of the OCCA's decision on

ineffective assistance of counsel claims is "doubly deferential." <u>Pinholster</u>, 563 U.S. at 190 (noting that a habeas court must take a "highly deferential" look at counsel's performance under <u>Strickland</u> and through the "deferential" lens of § 2254(d)).

Here, the OCCA applied the prejudice prong of <u>Strickland</u> and determined that Petitioner could not demonstrate a reasonable probability of a different outcome at trial had trial counsel objected to the inclusion of the prior suspended sentences.  Under the facts of this case, including Petitioner's brazen disregard for the robbery victims and his prior criminal history, this Court cannot find that the OCCA's adjudication was unreasonable.

As to Petitioner's claim that his prior burglary convictions were "transactional" and should have been counted as only one prior felony conviction, the OCCA made a finding of fact that "the three prior burglaries occurred on the same day, in a several-block radius, at three different locations."  That factual finding is presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Petitioner presents no evidence to rebut the OCCA's factual findings and they are presumed correct.  As a result, Petitioner's "transactional" argument lacked merit and trial counsel did not perform deficiently in failing to assert the transactional argument.  In addition, as determined by the OCCA, even if trial counsel had successfully argued that the prior burglary convictions should have been treated as one prior conviction, Petitioner still had two prior felony convictions subjecting him to the enhancement provisions of Okla. Stat. tit. 21, § 51.1(B).  Petitioner has not demonstrated a reasonable probability of a different outcome at trial had trial counsel objected to the transactional nature of the prior burglary convictions.  Under the facts of his case, this Court cannot find that the OCCA's adjudication was unreasonable.

In summary, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) on

Ground 3.

### 4. Improper joinder of offenses/cumulative error (Ground 4)

#### a. Improper joinder

In Ground 4, Petitioner claims that he suffered prejudice as the result of improper joinder of

the two robbery offenses.  (Dkt. # 1 at 30).  On direct appeal, the OCCA denied relief, finding as

follows:

> Joinder of offenses is proper where the charges are (1) the same type of offenses; (2)
> over a relatively short period of time; (3) in approximately the same location; and (4)
> proof of each transaction overlaps so as to show a common scheme or plan.  Glass
> v. State, 1985 OK CR 65 ¶ 9, 701 P.2d 765, 768.  These crimes occurred the same
> morning, within blocks of each other, in essentially the same manner, and were
> properly joined for trial.  This Court held that a specific jury instruction requiring
> separate consideration of counts is unnecessary absent a timely request in Taylor v.
> State, 2011 OK CR 8, ¶ 18, 248 P.3d 362, 370.  Counsel made no such request here,
> and the failure to do so was not deficient under Strickland.

(Dkt. # 19-4 at 6-7).

In Cummings v. Sirmons, 506 F.3d 1211 (10th Cir. 2007), the Tenth Circuit Court of

Appeals discussed the applicable Supreme Court case and rejected a habeas petitioner's misjoinder

claim, finding as follows:

> To obtain federal habeas relief based on his misjoinder claim, Cummings must
> demonstrate that the OCCA's rejection of the claim was contrary to, or an
> unreasonable application of, controlling Supreme Court precedent.  The controlling
> Supreme Court case on this issue is United States v. Lane, 474 U.S. 438, 106 S. Ct.
> 725, 88 L. Ed. 2d 814 (1986).  In Lane, the Supreme Court held that "[i]mproper
> joinder does not, in itself, violate the Constitution."  Id. at 446 n.8, 106 S. Ct. 725.
> "Rather," the Court indicated, "misjoinder would rise to the level of a constitutional
> violation only if it results in prejudice so great as to deny a defendant his Fifth
> Amendment right to a fair trial."  Id.  Echoing Lane, we have held that, "to obtain
> [federal] habeas relief" based on a claim of misjoinder, the "petitioner must show the
> joinder of offenses actually render[ed] petitioner's state trial fundamentally unfair

18

and hence, violative of due process." <u>Lucero v. Kerby</u>, 133 F.3d 1299, 1314 (10th Cir.1998) (internal quotation marks omitted).

<u>Id.</u> at 1239.  Thus, it is Petitioner's burden in this case to convince the Court that his trial was rendered fundamentally unfair by the trial court's joinder of the two robbery counts at his trial.  He has failed to do so.

Here, the two robberies occurred during the same morning, less than a mile away from each other, and in essentially the same manner.  Moreover, proof of the two sets of crimes overlapped, demonstrating a common scheme or plan.  As a result, joinder of the two robbery counts in one trial was not only proper, but also did not result in prejudice so great as to deny Petitioner his Fifth Amendment right to a fair trial, nor did it constitute deprivation of his due process rights.  Additionally, because the evidence for each crime was obviously distinct, the trial court's failure to instruct the jury to consider the evidence separately did not deprive Petitioner of a fair trial and trial counsel's failure to object was not deficient performance.

Petitioner has not shown that he was deprived of a fundamentally fair trial based on improper joinder of the two robbery counts.  He has failed to demonstrate that the OCCA's ruling was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to habeas corpus relief on his claim of improper joinder.

### b.  Cumulative error

Petitioner also alleges that the combined effect of trial errors deprived him of a fair trial.  <u>See</u> Dkt. # 1 at 30.  The OCCA rejected this claim, stating that because there was "no error, there is no accumulation of errors."  <u>See</u> Dkt. # 19-4 at 7.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors.  <u>Workman v. Mullin</u>, 342 F.3d 1100, 1116 (10th Cir. 2003).  Cumulative impact of non-errors is not part of the analysis.  <u>Le v. Mullin</u>, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing <u>U.S. v. Rivera</u>, 900 F.2d 1462, 1471 (10th Cir. 1990)).  Having rejected each of Petitioner's habeas claims, the Court finds no basis for a cumulative error analysis.  The OCCA's resolution of Petitioner's cumulative error claim was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Petitioner is not entitled to relief on this claim.  28 U.S.C. § 2254(d).

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

### Certificate of Appealability

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court "indicate[s] which specific issue or issues satisfy [that] showing."  28 U.S.C. § 2253.  A petitioner can satisfy

the standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted).

After considering the record in this case, the Court concludes a certificate of appealability should not issue.  Nothing suggests that this Court's application of AEDPA standards to the OCCA's decision is debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935, 937-38 (10th Cir. 2004).   The Court denies a certificate of appealability.


**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    The Clerk of Court shall note on the record the substitution of Joe M. Allbaugh, Director, for Robert C. Patton, Director, as party Respondent.

2.    The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3.    A certificate of appealability is **denied**.

4.    A separate Judgment shall be entered in this case.


**DATED** this 26th day of October, 2016.


GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

21